IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CESAR CONTRERAS-OROSCO, #55679-177, | § § | |
| PLAINTIFF, | § § | |
| V. | § § | CIVIL CASE NO. 3:24-CV-994-M-BK |
| USA, ET AL., | § § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. Before the Court are Plaintiff Cesar Contreras-Orosco's amended complaint and *Answers to Magistrate Judge's Questionnaire* (MJQ). Doc. 6; Doc. 11.

On April 23, 2024, the Court construed Orosco's motion for return of seized property under FED. R. CRIM. P. 41(g) as a civil action against the United States under the Court's general equity jurisdiction pursuant to 28 U.S.C. § 1331. Doc. 2. In his amended complaint, Orosco requests the return of $40,609, which he alleges was seized on April 6, 2017, and forfeited on June 25, 2017. Doc. 6 at 4, 6-7. The amended complaint names as Defendants (1) Douglas A. Kash, a senior attorney with the Drug Enforcement Agency (DEA) Asset Forfeiture Section, and (2) Johny Sosa, a DEA Task Force Officer, who was involved in the seizure. But in answer to the magistrate Judge's Questionnaire, Orosco confirms that he is suing only the United States. Doc. 11 at 1. In fact, Orosco did not return answers to pages two and three of the MJQ, which asked him to confirm if he was suing Kash and Sosa and if so, on what grounds. *Compare* Doc.

8 at 3-4 and Doc. 11. Thus, the Court deems as abandoned any claims previously alleged against Kash and Sosa.

Alternatively, any claims against Kash and Sosa should be dismissed for failure to state a claim because they lack facial plausibility. *See* 28 U.S.C. § 1915A(b). Any claim for monetary damages against the two in their official capacity would be barred by absolute immunity. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("the United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit" (quotations and citations omitted)); *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) ("Official-capacity suits … 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"). Likewise, any claims against the federal officials in their individual capacity under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), are time barred. Because Orosco alleges the events occurred in 2017, the deadline for filing a *Bivens* suit was no later than April 2019. *See Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010) (statute of limitations in *Bivens* action is two years, the limitations period governing personal injuries under Texas law).

Accordingly, to the extent not already abandoned by Plaintiff, any claims against Defendants Douglas A. Kash and Johny Sosa should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**SO RECOMMENDED** on September 18, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).