IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CESAR CONTRERAS-OROSCO, #55679-177, | § § | |
| PLAINTIFF, | § § | |
| v. | § § | CASE NO. 3:24-CV-994-K-BK |
| UNITED STATES OF AMERICA, | § § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. Before the Court is Defendant United States of America's *Motion to Dismiss for Lack of Jurisdiction*. Doc. 29. For the reasons set forth here, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff Cesar Contreras-Orosco ("Contreras") is currently serving a ten-year imprisonment term after pleading guilty to, and having been convicted in this Court of, illegal re-entry after removal from the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2); and possessing a firearm following a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *USA v. Contreras-Orosco*, No. 3:17-CR-258-M; Crim. Doc. 55. On January 22, 2024, Contreras filed in his criminal case a *Motion for Remission Respectfully requesting the Return of the Administrative Forfeiture of Certain Property on the Above Cause and Case Number.* Crim. Doc. 69; Doc. 3. The Court liberally construed the pleading as a new civil rights

action against the United States.  Doc. 2; Doc. 5.  Subsequently, Contreras filed his Amended Complaint in this cause, seeking the return of $40,609 that he contends was illegally seized on April 6, 2017, when he was arrested by the Drug Enforcement Administration ("DEA"), and ultimately forfeited on June 25, 2017.  Doc. 6 at 4, 6-7.  The *Amended Complaint* names Douglas A. Kash, a senior attorney with the DEA's Asset Forfeiture Section, and Johny Sosa, a DEA Task Force Officer, as Defendants.  The Court dismissed claims against Kash and Sosa on October 22, 2024, leaving the United States as the sole defendant.  Doc. 13; Doc. 16.

The United States now moves to dismiss Contreras' *Amended Complaint* for lack of jurisdiction.  Doc. 29.  Contreras has failed to file a response.

## II.  ANALYSIS

By his *Amended Complaint*, Contreras seeks to challenge the constitutionality of the search and seizure of the currency at issue, arguing, *inter alia*, that the seizure of the currency at issue here was illegal because the search and seizure was not based on probable cause and also challenging statements he allegedly made at the time of the seizure that the money was the proceeds of illegal drug trafficking.  Doc. 6 at 4.  However, when, as here, an administrative forfeiture is complete, the district court's review is limited only to "whether the forfeiture comported with constitutional due process guarantees." *Taylor v. United States*, 483 F.3d 385, 388 (5th Cir. 2007).   In this context, due process "requires the DEA merely to publish notice of the administrative forfeiture and send notice to 'each party who appears to have an interest in the seized article.'" *Kadonsky v. United States,* 216 F.3d 499, 503 (5th Cir. 2000) (quoting 19 U.S.C. § 1607(a)).  To withstand scrutiny under the Due Process Clause, the government's notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Taylor,* 483

F.3d at 388 (quoting *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (describing constitutionally adequate notice)).

Notably, personal service is not required. *Dusenbery v. United States,* 534 U.S. 161, 170 (2002). "Although the Government is not required to undertake 'heroic efforts,' it must fulfill *Mullane*'s command that the effort be 'reasonably calculated' to provide notice." *Taylor,* 483 F.3d at 388 (quoting *Dusenbery,* 534 U.S. at 170). After notice, the party then must timely file a claim to the property, otherwise "the property is summarily forfeited to the government." *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005) (citing *Barrera–Montenegro v. United States,* 74 F.3d 657, 660; 19 U.S.C. §§ 1608-1609(a)).

As pertains to Contreras' claims in the instant case, the United States avers that on May 12, 2017, the DEA provided notice of the initiation of the administrative forfeiture via certified mail to Contreras at the Kaufman Detention Center, where he was being held pending trial.[1] Doc. 30 at 15-16 (App. 12-14); *see Bailey v. United States*, 508 F.3d 736, 739 (5th Cir. 2007) (observing that the government's notice, delivered to the jail where plaintiff was in custody, "was reasonably calculated to provide [plaintiff] with notice."). The United States further asserts that when Contreras did not file a claim with the DEA within the deadline, July 14, 2017, the currency was "summarily forfeited to the government" on July 25, 2017. Doc. 30 at 21 (App. 19).

In his *Motion for Remission*, attached to and referenced in his *Amended Complaint*, Contreras admits that he received written notice of the forfeiture action. *See* Doc. 6 at 7 ("I am writing this letter in regards to currency that was seized from me, on April 6, 2017, which I

---

[1] The DEA also published a legal notice of the forfeiture on the www.forfeiture.gov website between May 15, 2017, and June 13, 2017, as required. Doc. 30 at 18-19 (App. 015-017).

received a forfeiture letter from the U.S. Department of Justice D.E.A. Asset ID# 17-DEA-630139."). He further concedes that he did not file a claim to the money as required by law. *See* Doc. 6 at 7 ("Mr. Contreras, hereby clarifies, the reason why no claim was filed for the property of $40,609.00 U.S. Currency In Accordance with 19 U.S.C. Section 1607.").

Under these circumstances, the Court finds that the DEA provided constitutionally adequate notice. And as discussed previously, the Court lacks jurisdiction to review Contreras' remaining contentions regarding the legality of the seizure and subsequent forfeiture. *See United States v. Schinnell*, 80 F.3d 1064, 1069 (5th Cir. 1996) ("Once the administrative forfeiture was completed, the district court lacked jurisdiction to review the forfeiture except for failure to comply with procedural requirements or to comport with due process.").

### III. CONCLUSION

Because the administrative forfeiture notice requirements were sufficient in this case, Contreras' claims of procedural and due process violations related to the forfeiture of $40,609.00 in U.S. currency should be **DISMISSED WITH PREJUDICE**. Further, because the Court lacks jurisdiction to consider any of Contreras' other arguments and claims seeking to set aside the forfeiture and return the $40,609.00 in U.S. currency, Defendant United States of America's *Motion to Dismiss for Lack of Jurisdiction*, Doc. 29, should be **GRANTED**, and Contreras' remaining claims should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on January 23, 2026.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).